CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 25, 2019

LETTER TO THE PARTIES

RE: *Aram M. v. Commissioner, Social Security Administration*;
Civil No. SAG-17-3568

Dear Plaintiff and Counsel:

On November 30, 2017, Plaintiff Aram M., who appears *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF 1. I have considered the motions for summary judgment filed by Plaintiff, ECF 19, and the SSA, ECF 24, along with Plaintiff's reply, ECF 26. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion, deny Plaintiff's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed his claim for benefits on February 6, 2014, alleging a disability onset date of January 1, 2014. Tr. 115-16. His claim was denied initially and on reconsideration. Tr. 72-75, 77-80. A hearing was held on October 14, 2016, before an Administrative Law Judge ("ALJ"). Tr. 24-45. Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-23. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff had engaged in substantial gainful activity in every quarter since April of 2014, and that at no time had his earnings dropped below the relevant threshold as defined in the regulations. Tr. 17. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 17-18.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law, using the appropriate sequential evaluation. At step one of the sequential evaluation, the ALJ must determine whether Plaintiff engaged in substantial gainful activity since his alleged onset date. Tr. 17; *see* 20 C.F.R. § 404.1520(a)(4)(i). The SSA sets the amount of earnings that constitute substantial gainful activity for a given period. That amount ranged from $3,210 per quarter in 2014, to $3,390 per quarter in 2016. Tr. 17. In this case, Plaintiff testified that he works as a car mechanic at Germantown Service Center four days per week, for six to eight hours per day. Tr. 35-37. His earnings records reflect that he had significant income from that position, with his lowest quarter of earnings amounting to $4,349 in the first quarter of 2016. Tr. 130-33. Because even the lowest quarter of income, $4,349, exceeds the $3,390 threshold for substantial gainful employment, Plaintiff is not disabled.

Plaintiff testified at his hearing, and reiterated in his court filings, that his work is extremely difficult for him to sustain physically, and that he misses some time at work due to his health issues. ECF 19, 26, Tr. 37. He continues to go to work as a mechanic, despite his significant medical difficulties, in order to support his family. ECF 26 at 2. Although Plaintiff's personal situation is compelling, the SSA regulations do not allow any discretion on the question of substantial gainful activity. If a claimant is performing substantial gainful activity, his application for benefits must be denied at step one, without considering the severity of his medical impairments at the subsequent steps. Here, Plaintiff's earnings records are clear.[1] Because those records constitute substantial evidence to support the ALJ's conclusion that Plaintiff engaged in substantial gainful activity throughout the relevant time frame, the ALJ's determination must be affirmed.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 19, is DENIED and Defendant's Motion for Summary Judgment, ECF 24, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] While earning records only create a presumption of substantial gainful activity, *Payne v. Sullivan*, 946 F.2d 1081, 1083 (4th Cir. 1991), the ALJ also properly considered the other factors that might rebut that presumption, *see id.*, at 1083-84 (citing 20 C.F.R. § 404.1573). The ALJ considered the nature of Plaintiff's work, the time he spent at work, and the lack of any special accommodation made for him at work. Tr. 17.